IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL PECTOL; | ) | CIVIL NO. 22-00222 SOM/KJM |
| | ) | |
| Plaintiffs, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATIONS TO PROCEED *IN* |
| | ) | *FORMA PAUPERIS* |
| SUNSET CHRISTIAN CHURCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On May 16, 2022, Plaintiff Michael Pectol filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF Nos. 1-2.  Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

Plaintiff's Complaint contains almost no factual allegations.  Plaintiff has no physical mailing address and says he received canned food from Sunset Christian Church.  When Plaintiff ate what he says was uncooked canned salmon he received from the church, he apparently got sick and had to go to the emergency room (under the fictitious name, Cashe Petty).  Plaintiff says the canned salmon was "tainted."  He alleges that

other cans of food he received from the church were also "tainted." Plaintiff alleges that he was also followed and harassed by "street gangs and religious gangs/groups associated with the experience." Plaintiff seeks $750,000,000.00 in damages and asks that the church be criminally prosecuted. *See* ECF No. 1, PageID # 1.

**III.     STANDARD.**

To proceed *in forma pauperis*, Plaintiff must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Plaintiff's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.     ANALYSIS.**

Plaintiff's Complaint lacks allegations supporting a viable claim over which this court has subject matter jurisdiction. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

This court may not exercise jurisdiction over a case unless (1) it raises a federal question, or (2) the parties are diverse and more than $75,000 is in issue. Plaintiff's Complaint lacks factual allegations supporting either.

It is not clear how a church that provided canned food to Plaintiff violated any federal law. While the Complaint mentions that a nonprofit organization providing uncooked canned goods violates "F.D.A. standards," this court has been unable to locate any standard that would make the church liable.

To the extent Plaintiff complains that he was followed and harassed by "street gangs and religious gangs/groups

associated with the experience," the Complaint lacks sufficient factual detail to support a claim against the Sunset Christian Church. That is, the Complaint fails to allege facts establishing why the church should be liable for the alleged harassment.

Finally, the Complaint lacks allegations establishing diversity jurisdiction.

Given this court's lack of subject matter jurisdiction, this court dismisses Plaintiff's Complaint and denies his IFP Application as moot.

**V.      CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Plaintiff leave to file an Amended Complaint that states a viable claim no later than June 17, 2022.** Plaintiff may submit another IFP Application at that time. Failure to file an Amended Complaint by June 17, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Plaintiff if he decides to file an Amended Complaint.

First, Plaintiff should include "Amended Complaint" on the document as its title. Plaintiff may, but need not, use a court form from this court's website. Such forms are available

4

at https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113. The Clerk of Court is directed to provide to Plaintiff copies of Form Pro Se 1 (Complaint in a Civil Case) and AO 240 (Application to Proceed Without Prepayment of Fees & Affidavit), but the court notes that other forms may be more applicable. If Plaintiff uses a court form, he may write the word "Amended" before the word "Complaint."

Second, Plaintiff should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, Plaintiff should allege facts with respect to what the Defendant allegedly did and what the Defendant should be held liable for. Any Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why Plaintiff is suing each Defendant.

Third, Plaintiff should articulate the relief he is seeking. That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

Fourth, Plaintiff is informed that he cannot bring claims under criminal statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however,

provide no basis for civil liability."); *Ashraf v. Reliance Motors, LLC*, 2020 WL 7382101, at *3 (C.D. Cal. Dec. 10, 2020) (ruling that private citizens lack standing to pursue claims for violations of criminal statutes, including 18 U.S.C. § 241), *aff'd*, 859 F. App'x 783 (9th Cir. 2021); *Gilliam v. Glassett*, 2019 WL 150541 (D. Haw. Jan. 9. 2019) (stating that private citizens lack standing to bring criminal claims); *McDonald v. Lee*, 2015 WL 4758012, at *3 (E.D. Cal. Aug. 11, 2015) (ruling that private citizens lack standing to prosecute federal crimes).

Finally, pursuant to Plaintiff's request, the Clerk of Court shall leave a copy of this order and the forms listed above at the clerk's office counter, as Plaintiff has indicated that he has no current mailing address.  Copies of these documents shall also be emailed to Plaintiff at the email address provided in another case--MichaelBoudouaniVanBastolaer@Protonmail.com.  The court requests that Plaintiff check this email at least once every week, as it is the only way this court has to contact Plaintiff.  If Plaintiff either has or acquires a mailing address or a telephone number, he shall inform the court of his contact information right away.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Pectol v. Sunset Christian Church*, Civ. No. 22-00222 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS